## Case No. 4,765.

FIELD v. DE COMEAN et al.

[5 Ban. & A. 40;[1] 17 O. G. 568.]

Circuit Court, S. D. New York. Dec. 18, 1879.[2]

M. B. Andrus, W. S. Pladwell, and P. J. O'Reilly, for complainant.

C. A. Seward and C. B. Stoughton, for defendants.

WHEELER, District Judge. The orator has a patent, No. 155,077, dated September 15th, 1874, for an improvement in glove-fastenings, consisting of the combination of a spring inserted in the material of the glove and extending around the edges of the slit, which permits drawing the wrist of the glove over the hand, and adjusted so as to spring open by the insertion of the hand and to close automatically and overlap itself, and cause the edges of the slit to overlap each other when the glove is on. The defendants deny infringement. They make and sell for use springs for gloves, to be inserted into the material, and with arms extending along each edge of the slit, jointed at the apex, working together like the blade and handle of a jack-knife. The only question is whether the use of such springs is an infringement.

The plaintiff stated in the specification of his patent that springs had been combined before with the wrists of gloves, but of a different form. So his patent is not, and could not be maintained as a patent for the combination of springs in every form with the wrists of gloves to close them. It professes to be and is a patent of his style of spring combined with the wrists of gloves for that purpose. The question is whether the defendants' spring is substantially like his. His is a spring throughout, and pulls constantly upon the parts of the material until they come together and overlap. The

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[2] [Affirmed in 116 U. S. 187, 6 Sup. Ct. 363.]

defendants' has stiff arms, and pulls the parts together only when closed far enough to have the spring on one arm operate in the opposite direction upon the cam-shaped end of the other, and it pulls the edges apart until the arms are at right angles to each other when opened far enough to cause the spring to act the other way on the cam. When so opened it will not close itself, as the orator's will, but has as much tendency to remain open as it has to remain closed after being closed.

It is said by an expert, called by the orator, that, if the edge of the cam which throws the arms apart was removed, the spring would become more like the orator's in its operation; but he probably failed to notice that the spring operates on the same edge of the cam, although on different sides of its pivot, both in opening and closing the spring, and that if this edge was removed, the spring would not move the arms together, or either way, at all. The form of the defendants' spring is different from the orator's, its mode of operation is different, and the result of its operation is somewhat different. It cannot be said to be the same as the orator's, or to be substantially like the orator's. Each got the idea of closing the wrists of gloves, by means of springs, from others. The orator carries out the idea in his mode, and the defendants in theirs, and as neither has control of anything but the particular mode, neither can justly say that the other uses his mode.

Let a decree be entered dismissing the orator's bill, with costs.